(109 So. 175)

### BRADLEY v. STATE.   (6 Div. 901.)

(Court of Appeals of Alabama.   June 8, 1926.)

**1. Criminal law ⬥351(2).**

Defendant, who contended that whisky, if in her house, was brought by customer, should have been allowed to testify she asked officers to search customer.

**2. Criminal law ⬥364(5).**

Testimony as to whether proprietor of soft drink stand asked officers to search customer after they saw whisky on table *held* part of res gestæ.

**3. Criminal law ⬥1044.**

Objection and exception to solicitor's argument will not preserve it for review without motion to exclude.

Rice, J., dissenting.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Annie Bell Bradley was convicted of violating the prohibition laws, and she appeals. Reversed and remanded.

Benton, Bentley & Moore, of Bessemer, for appellant.

The remarks used in argument by the solicitor were improper, and objection to them was erroneously overruled. Cross v. State, 68 Ala. 476; Rowe v. State, 20 Ala. App. 119, 101 So. 91. The same rules of evidence must apply in prosecution for violation of the prohibition law as in other criminal cases. Barker v. State, 20 Ala. App. 564, 103 So. 915; Ammons v. State, 20 Ala. App. 283, 101 So. 511; Watkins v. State, 20 Ala. App. 246, 101 So. 334.

Harwell G. Davis, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

The verdict should not be disturbed. Smith v. State, 20 Ala. App. 151, 101 So. 90; Russell v. State, 20 Ala. App. 68, 101 So. 71.

BRICKEN, P. J. This appellant was convicted in the circuit court upon an affidavit which charged her with a violation of the state prohibition law. The insistence of the state was that she was in possession of half a glass of whisky, which she threw upon the floor when the officers entered her home. After thorough and full search of her home and premises no other prohibited liquor was found. Without dispute the evidence disclosed that this appellant was of the negro race and that she and her husband conducted a little soft drink stand in front of their home; that, upon the night in question, a white man by the name of Page, who was known to defendant and her husband, purchased from them a soft drink at the stand and asked for a drink of ice water also; that, upon being informed there was no water at the stand, he insisted that appellant go in her house and give him a drink of water; that he followed her in the house and was sitting at a table therein at the time the several officers entered her home. Witness Scrimsher for the state stated: "Mr. John Page was in there and had a glass of whisky sitting on the table."

[1, 2] The defendant and her husband, Robert Bradley, denied strenuously that defendant had possession of the alleged whisky, or any other whisky, and, insisted, if there was any whisky there at the time, the man Page must have brought it, and in this connection she was asked by her counsel: "Did you ask the officers to search Mr. Page?" The court sustained the state's objection to this question and defendant objected. This ruling of the court was error necessitating the reversal of this case. The matter inquired about was material under the respective contentions. It was also clearly of the res gestæ and for this reason was admissible also.

[3] There were several "objections" to certain remarks of the solicitor in his argument to the jury. Upon examination we find that the statement made by the solicitor, "Mr. Page was in his shirt sleeves," also, "that she invited Mr. Page to come in there," were unauthorized statements of substantive facts not borne out by any evidence in this case. But no motion was made to exclude these remarks, and this is always necessary in order to properly present a question of this character for revision. A mere *objection and exception will not suffice.* The rule requires it must be followed by a motion to exclude. The remaining remark by the solicitor to which objection was made was also unauthorized, but, as before, no motion to exclude the remark was made; therefore appellant cannot be given the benefit of this matter. Sharp v. State, 193 Ala. 22, 28, 69 So. 122, in which the Supreme Court said:

"The effect of our decisions is that a mere objection to already spoken words does not reach

the evil aimed at, and that the court must be appealed to to exclude them from the consideration of the jury, failing which, there is nothing presented * * * by an exception."

For the error designated the judgment of conviction appealed from is reversed, and the cause remanded.

Reversed and remanded.

RICE, J., dissents.